UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ShaoXing ShangYu JinShiDun Trading Co., Ltd. d/b/a Jinshidun., <br><br> *Plaintiff*, <br><br> v. <br><br> Michael James Hicks <br><br> *Defendant*. | CASE NO. <br><br> **Jury Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff ShaoXing ShangYu JinShiDun Trading Co., Ltd. d/b/a Jinshidun. ("Plaintiff" or "Jinshidun"), against Defendant Michael James Hicks ("Defendant"), claiming for invalidity of Trademark "ToyerBee" (Registration No. 7522428) (" '428 Mark"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**INTRODUCTION**

1. Plaintiff received a Notice from Amazon.com, stating that Plaintiff's ASINs were removed because of alleging infringement of the '428 Mark. Defendant's objectively baseless infringement complaint to Amazon has caused and continues to cause significant harm to Plaintiff as the telescope product has been removed from Amazon and Plaintiff will lose all associated goodwill in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as Defendant's trademark is invalid.

**NATURE OF THE ACTION**

2. To address these concerns, Plaintiff asserts these claims seeking declaratory

1

judgment of invalidity of the '428 registration, declaratory judgment of non-infringement of the '428 registration, damages and injunctive relief for trademark infringement and willful trademark infringement under the laws of the United States, 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act), 15 U.S.C. § 1051, et seq. (the "Lanham Act").

## PARTIES

3. Plaintiff ShaoXing ShangYu JinShiDun Trading Co., Ltd is a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business at No. 131 Jiangdong Road, Room 501, Baiguan Subdistrict, Shangyu District, Shaoxing City, Zhejiang Province, China, 312399. Defendant conducts business in this District through the online marketplace Amazon.

4. Upon information and belief, Defendant is an individual, Michael James Hicks, aged 63, residing at 20 Hadley Road, Belvedere, England, DA17 5HW.

5. The applicant for the '428 Mark is Zhuangguang Yao, a Chinese citizen residing at No. 151 Donglong Road, Wenzhou City, Zhejiang Province, China.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Lanham Act of the United States.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution

8. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiff as the Telescope has been removed from Amazon through the enforcement of the '428 Mark. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

9. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce Amazon store. Defendant is engaging in interstate commerce and has wrongfully accused Plaintiff of infringement in the United States, including Illinois. Defendant's act has caused and continues to cause significant harm to Plaintiff's business and also impacted Plaintiff's sales in this District.

10. Upon information and belief, Defendant also avails himself by operating online stores, such as Amazon.com. Defendant uses these online platforms to sell products that uses the '428 Mark. Defendant sells his products in the United States, including in Illinois.

## DEFENDANT'S U.S. TRADEMARK 7522428

11. The application for the '428 Mark was filed on October 29, 2023, and was approved one year later, on October 1, 2024. The mark is registered on the Principal Register as a standard character mark showing "ToyerBee." **Exhibit A**.

12. The '428 Mark is registered under International Class 9 for goods including monoculars, telescopes, equatorial telescopes, reflecting telescopes, and zenith telescopes.

13. The applicant stated that the mark was first used in commerce on September 14, 2023.

## THE DEFENDANT'S WRONGFUL ACTS

14. On November 29, 2024, Plaintiff received a Notice from Amazon stating that certain ASIN B095S4G6GC was removed due to a trademark infringement complaint for the '428 Mark filed by the Defendant. The Notice from Amazon sent to Plaintiff are attached hereto as **Exhibit B.**

15. In the Notice, Amazon informed Plaintiff that the rights owner name of the '428 Mark is Michael James Hicks. The rights owner email is deepakrani170@gmail.com. **Exhibit B.**

16. In Defendant's complaint, Defendant fraudulently stated to Amazon: "Our client's trademark is registered in International Class 9, covering (inter alia) the goods: "Telescopes" and "Equatorial telescopes". The product sold under the URL indicated below is identified as "Telescope for Adults & Kids, 70mm Aperture Refractor (15X-150X) Portable Travel Telescope with Phone Adapter & Wireless Remote, Astronomy Beginners Gifts, Black" and must be considered identical to the aforementioned goods. The brand name used in the store name as well as in the product video is identical to our client's trademark (ToyerBee). It is used by the seller without authorization. The respective use must therefore be assumed to constitute an infringement of our client's trademark rights and we would kindly request you to delist the offer."

17. Defendant's trademark infringement complaint filed against Plaintiff with Amazon is false and malicious, as Defendant's trademark is invalid.

18. As previously stated, when applying for the trademark, the applicant declared under oath that the first use of the trademark occurred on September 13, 2023, and its first use in commerce occurred on September 14, 2023.

19. However, Plaintiff has been using this trademark on similar or identical products as early as August 2020.

4

20. For instance, a YouTube video posted on August 10, 2020, shows Plaintiff's telescope product bearing the mark "ToyerBee."

Link: https://www.youtube.com/watch?v=dWZg0yF3ewI





21. Additionally, an immutable Amazon review with a photograph, dated March 29, 2021, taken from Plaintiff's Amazon store, clearly shows Plaintiff using the mark "ToyerBee."

5



22. This case is a quintessential and all-too-common example of a fraudulent trademark registration being weaponized to file baseless complaints against legitimate sellers during peak sales periods.

23. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for Telescope, Plaintiff needs its products listed in the Amazon marketplace. Amazon has removed Plaintiff' Telescope from the marketplace, preventing Plaintiff from accessing its largest channel of trade because of Defendant's infringement complaint. Thus, Defendant's submission of Amazon infringement complaint has caused and continues to cause immediate and irreparable harm to Plaintiff.

### COUNT I
### (DECLARATORY JUDGMENT OF INVALIDITY OF '428 Mark)

24. Plaintiff incorporates by reference all preceding allegations set forth in this Complaint as if fully stated herein.

25. An actual, ongoing, and justiciable controversy exists between Plaintiff and Defendant regarding the validity and non-infringement of the '428 Mark, as evidenced by Defendant's allegations of infringement on Amazon, detailed above.

26. Plaintiff has been using the mark "ToyerBee" on its telescope products since at least August 2020.

27. Plaintiff has also been using the mark "ToyerBee" in connection with its online retail store, including for the sale of telescope products, since at least August 2020.

28. Defendant filed the trademark application for the mark "ToyerBee" on October 29, 2023.

29. In that application, Defendant represented that the first use of the mark in commerce occurred on September 14, 2023.

30. Upon information and belief, Defendant did not use the mark "ToyerBee" in commerce prior to September 14, 2023.

31. Plaintiff, by contrast, has used and continues to use the mark "ToyerBee" in commerce on its telescope products to identify its products to customers.

32. Plaintiff has also used and continues to use the mark "ToyerBee" in connection with its online retail store to identify the store and its offerings, including telescopes, to customers.

33. Plaintiff possesses prior and superior rights to the mark "ToyerBee" compared to Defendant's use of the mark.

34. There is a likelihood of confusion between Plaintiff's use of the mark "ToyerBee" on telescopes and Defendant's use of the same mark on telescopes.

35. There is also a likelihood of confusion between Plaintiff's use of the mark "ToyerBee" in connection with its online retail store, particularly for the sale of telescopes, and Defendant's use of the mark "ToyerBee" on telescopes sold on Amazon.com.

36. Plaintiff is entitled to a declaratory judgment that the '428 Mark is invalid due to Plaintiff's prior and superior rights to the mark "ToyerBee."

## COUNT II
**(Tortious Interference with Contractual Relations)**

37. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

38. The elements of a claim for tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) the defendant's wrongful conduct caused the third party to breach of the contract; and (5) damages resulting therefrom.

39. Plaintiff has a valid and existing contract with Amazon in order to sell its products through Amazon.com

40. Plaintiff is informed and believes, and on that basis alleges, that Defendant knew of Plaintiff's contractual relationships with the Amazon.

41. Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally interfered with those contractual relationships and furthermore knowingly and intentionally, by ways of asserting materially false allegations of trademark infringement against Plaintiffs in order to have Plaintiff's listing removed and eliminate Plaintiffs' lawful competition.

42. As a result of Defendant's improper acts, Plaintiff's listings were removed from Amazon.

43. Plaintiff has suffered direct, proximate and foreseeable damages and continues to suffer direct, proximate and foreseeable damages.

44. Defendant's efforts to have Plaintiff's products delisted through improper means was and is unlawful, fraudulent.

45. By reason of Defendant's acts, Plaintiff is entitled to equitable remedies and damages in an amount to be proven at trial.

## COUNT III
### (Tortious Interference with Prospective Economic Advantage)

46. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

47. The elements of a claim for tortious interference with prospective economic advantage are: (1) the plaintiff had a reasonable expectation of entering into or continuing a valid business relationship with a third party; (2) the defendant knew of that expectation; (3) the defendants intentionally and without justification interfered with that expectation; (4) the defendant's interference prevented the plaintiff's legitimate expectancy from ripening into a valid business relationship and (5) the plaintiff suffered damages as a result of the interference.

48. Plaintiff's ongoing business relationship with Amazon included the selling of telescope now de-listed as a result of Defendant's malicious and spurious infringement complaint.

49. Plaintiff's ongoing business relationship with Amazon includes the current sale of products which Defendant claims are infringing.

50. Defendant had and continues to have full knowledge of the ongoing relationships and prospective future business arrangements between Plaintiff and Amazon regarding Plaintiff's sale of telescope products.

51. Defendant intentionally and knowingly made fraudulent assertions of trademark infringement, which ultimately caused Amazon to remove Plaintiff's listing, thus denying the future and ongoing business relationship between Plaintiffs with Amazon.

52. Defendant knew that the removal of Plaintiff's product listings would harm Plaintiff's business and would benefit Defendant due to it having less competition. Defendant intended to harm Plaintiff by fraudulently convincing Amazon to remove Plaintiff's product listing.

53. Defendant has no privilege or justification in interfering with Plaintiff's relationship with Amazon.

54. As a result of Defendant's interference with Plaintiff's ongoing and future relationship with Amazon, Plaintiff has incurred damages and will continue to incur damages

55. The damages to Plaintiff should its product be delisted as a result of Defendant's malicious complaint against Plaintiff will result in the incurring removal fees, transport fees, and fees associated with transportation of the delisted products

56. The delisting of Plaintiff's ASIN would result in an immediate and ongoing detrimental impact on Plaintiff's ability to conduct business, remain profitable, and damage Plaintiff's product's rankings and reviews, loss of Plaintiff's goodwill and reputation on the Amazon marketplace. The damage to Plaintiff should its product continue to be delisted as a result of Defendant's frivolous action against Plaintiff is incalculable and irreparable.

57. By reason of the foregoing, Plaintiff has suffered direct, proximate and foreseeable damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Enter judgment that U.S. Federal Trademark Reg. No. 7522428 for the word "ToyerBee" is invalid;

B. Enter judgment that Plaintiff's use of the word "ToyerBee" on its products does not infringe U.S. Federal Trademark Reg. No. 7522428;

C. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiff's Telescope based on the '428 Mark, and to refrain from lodging any further infringement complaints regarding the same;

D. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

E. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

F. Awarding pre- and post- judgment interest; and

G. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Date: December 3, 2024

/s/ Ruoting Men
Ruoting Men, Esq
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Ruoting.men@glacier.law